UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SWEPI, L.P., ET AL                          CIVIL ACTION NO. 08-cv-1830

VERSUS                                      JUDGE WALTER

SAMIE D. BELL, ET AL.                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Swepi, LP and EnCana Oil & Gas (USA), Inc. filed this complaint for declaratory relief against Samie and Kathryn Bell. Plaintiffs assert that the court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. This court, as one of limited jurisdiction, has an independent duty to examine the basis for its subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). The parties can never consent to or waive federal subject matter jurisdiction, and Plaintiffs, as the parties bringing this action to federal court, bear the burden of rebutting the presumption against jurisdiction. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

A review of the complaint reveals some deficiencies in the allegations regarding the citizenship of the parties. EnCana is alleged to be a Delaware corporation with its principal place of business in Colorado, and that is a correct allegation of citizenship under the rules for corporations found in Section 1332(c)(1). Swepi, LP describes itself as a Delaware

limited partnership with its principal place of business in Texas, but that is not an adequate allegation of citizenship with respect to a limited partnership.

The Supreme Court held in Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party must consider the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. See also Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. See, e.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir.2002) and Hicklin Engineering, LLC v. Bartell, 439 F.3d 346 (7th Cir.2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships"). The need for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership. The Mullins opinion also makes clear that a general allegation that all partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient.

Plaintiffs allege in the introduction and paragraph III of their complaint that the two defendants are individuals who are "residents of DeSoto Parish, Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well

established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." <u>Great Plains Trust Co. v. Morgan Stanley</u>, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting <u>Strain v. Harrelson Rubber Co</u>., 742 F.2d 888 (5th Cir. 1984). An individual may have residences in several states, but he has only one domicile on which his citizenship is based.

Plaintiffs should file an Amended Complaint by **January 12, 2009** that alleges the citizenship of all parties with the degree of specificity required by law. The amendment will not require leave of court if it is filed before service of a responsive pleading. Fed. R. Civ. P. 15(a). Failure of Plaintiffs to properly allege the citizenship of all parties may result in dismissal for lack of subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 10day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE